THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. EFRAÍN LEBRÓN LÓPEZ, Defendant and Appellant.

No. CR-64-216.      Decided April 19, 1965.

López Carrillo & Cruz for appellant. J. B. Fernández Badillo, Solicitor General, and Manuel Tirado Viera, Assistant Solicitor General, for The People.

_____

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: Appellant was accused of murder in the first degree, attempt to kill, and explosives in the Superior Court, Humacao Part. On March 10, 1964 his attorneys withdrew from the case. On March 12, the court, in view of said withdrawal, ordered appellant to appear on March 20, 1964 to inform the court the name of the attorney who would represent him at the hearing on the merits of the case set for May 18, 1964. On March 20 appellant appeared and requested the court to grant him a term to retain an attorney and the court granted him until May 1, 1964 for that purpose.

On April 13, 1964, appellant, on his own right, filed a reasoned motion to dismiss the information in which he invoked constitutional questions. For the purposes of the hearing of that motion and others set for April 27, an attorney was designated by the court for appellant at the request of the prosecuting attorney. On that date, appellant filed a motion opposing said designation without having been heard. After the motion to dismiss was heard on April 27, it was denied. It was ordered that the attorney designated by the court would represent appellant in other motions to be argued on May 1, and that on this date, appellant would notify the court the attorney who would represent him on the merits of the causes.

According to the stenographic transcript, the following proceedings took place on May 1, 1964:

"The court: In the first place, Efraín, I would like to know, or the court wishes to know who is going to be your attorney at the hearing of the cases.

"Defendant: Your Honor, before the term which the court itself granted me to retain an attorney had elapsed, it designated Miss Treviño to handle these cases, and then I appealed

from that decision. Therefore, the order of the court is in force that Miss Treviño . . .

"The court: No, sir. You are mistaken. The court said that because of those motions that had been filed, among them the one filed for those motions, it designated Miss Treviño, and the court set this day for you to appear and state who was going to be your attorney at the hearing of the cases and on the merits, because you previously had several attorneys, among them Ramos Cabán, excuse me, Ramos Cabán, who withdrew. Then Peña Clos, and Mr. Peña Clos with Gelpí, and Miss Treviño also joined in an habeas corpus.

"Defendant: We know that your Honor knows the case well, very well, but what we want to explain is this, that the notice I have states that at the hearing of the motions and the case on the merits, and on that account this defendant filed a motion in opposition and that has not yet been decided.

"Prosecuting Attorney: And at his own request, Your Honor, the matter about the case on the merits was eliminated at the hearing held two or three days ago.

"The court: We have talked about that. The court wishes that . . . wishes to tell you . . . the court wants to know who is your attorney.

"Defendant: My attorney is Miss Treviño.

"The court: Then, you have no one else?

"Defendant: I have not had the opportunity to retain an attorney because of my situation . . .

"The court: The court deems that you have disobeyed the court. It sentences you to 30 days in jail for contempt, for having failed to state today at this moment who is your attorney. Thirty (30) days in jail for contempt."

The court rendered in writing the following judgment:

"The court asked defendant to state who was going to be the attorney for his defense; but defendant refused to say who was the attorney who will represent him the day of the hearing relying on the Order rendered by this Court on April 23, 1964, designating Miss J. Treviño attorney for the defendant. It was made clear to defendant that Miss Treviño would only give him legal aid at the hearing of the motions and that he had to inform the court the attorney that would represent him at the hearing

of the cases, which, defendant, Efraín Lebrón López, refused to do.

"By virtue thereof, the court finds defendant, Efraín Lebrón López, guilty of contempt of court and sentences him to serve thirty (30) days in jail, without costs."

On appeal, appellant stated that he lacked legal aid and requested the services of an attorney. This court designated Mr. Fernando Pérez Colón to represent him. Subsequently, appellant retained Mr. Manuel López Carrillo.

The Act of March 1, 1902, as amended, 33 L.P.R.A. § 517, provides that ". . . the Superior Court . . . shall have the power to punish for criminal contempt any person guilty of any of the following acts: . . . (2) Wilful disobedience of, or resistance offered to or exerted against, any lawful writ, mandate or order issued or made in a suit or action pending therein, or . . . ." This court will never be remiss in applying, with full force and effect, the provision of law mentioned, which is intended to keep and maintain, without impairment, the prestige and dignity of the courts of justice and the execution of its orders without which the social order would be in bad shape. In that attitude we analyzed the facts in this case and we are constrained to conclude that the sentence for criminal contempt is not justified.

When appellant was finally told that the court wished to know who would be his attorney, and he answered "My attorney is Miss Treviño," he was correct because that was the situation shown on the record. And when he was asked: "Then, you have no one else?" he answered that he had not had the opportunity to retain an attorney because of his situation. It is correct that the attorney designated by the court had been appointed only for the purposes of some motions and not for the hearing of the case on the merits set for May 18 and that the judge wanted to know who his attorney would be at the trial on the merits. If it was true that appellant had not yet had the opportunity as of May 1,

when the facts occurred, to retain an attorney for the trial of the 18th, it was not possible for him to inform at that moment, the name of an attorney. On the other hand, in its judgment the court does not set forth as a finding of fact that on May 1, appellant had, in effect, retained legal aid for his trial and had stubbornly refused to tell his name. In the absence of such a finding, which the record does not show either, the penalty would have no other basis than the failure of appellant to retain an attorney between April 27 and May 1, his reason being his situation. This did not justify the punishment.

Appellant will be acquitted of criminal contempt.